# EXHIBIT A

Michael G. Ackerman, Esq. (SBN 64997)
LAW OFFICES OF MICHAEL G. ACKERMAN
2391 The Alameda, Suite 100
Santa Clara, CA 95050
Telephone: (408) 261-5800
Facsimile: (408) 261-5900
Email: mga@mgackermanlaw.com

FILED
2018 NOV 20 PM 1:13
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY_____ DEPUTY

Attorneys for Plaintiff,
TOM MURPHY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF STANISLAUS

CV18004005

TOM MURPHY,

   Plaintiff,

vs.  aka US Xpress

USX LOGISTICS, AMAZON.COM, INC.,
AND Does 1 through 10, inclusive,

   Defendants.

Case No.:

COMPLAINT FOR CONVERSION

COMES NOW Plaintiff, Tom Murphy, and alleges as follows:

FIRST CAUSE OF ACTION

1. Plaintiff is and at all times herein mentioned was a resident of Vacaville, in the State of California. Plaintiff is a long haul driver contracting with various companies to deliver loads throughout the United States.

2. Defendant USX Logistics also known as US Xpress is a company engaged in the business of arranging the transportation of loads for pickup and delivery by independent drivers such as Plaintiff.

- 2 -

3. Defendant Amazon.com, Inc. is a corporation authorized to do business and doing business in the State of California, selling goods over the internet.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. At all times herein mentioned, DOES 1 through 10, and each of them, were the agents and/or employees of Defendants of USX Logistics, and Amazon.com, Inc., and in doing the things hereinafter alleged, were acting in the course and scope of their agency and employment and with the express permission and consent of said Defendants.

5. In or about February of 2018, Plaintiff was hired by US Logistics, also known as US Xpress, to pick up a load using his tractor and trailer (#53214) in Phoenix and to deliver the load to Tracy, California. Plaintiff picked up the load in Phoenix and drove to Tracy, California, where he was instructed by Amazon to disconnect and leave his trailer with Amazon, who would then unload the trailer. When Plaintiff returned to pick up his trailer, he was informed by Amazon that Plaintiff's trailer had been loaded with goods and was being driven to Hillsborough, Oregon, by a driver on behalf of Amazon at Amazon's request.

6. Amazon refused to return the trailer to Plaintiff and kept it from Plaintiff's possession for more than thirty (30) days, resulting in a loss of income to Plaintiff. In addition, the trailer was damaged during the course of its use by Amazon requiring repairs totaling $6,200.00., which Plaintiff was contractually obligated to pay.

7. In or about the time of February through April of 2018, Plaintiff was the renter and had the exclusive right to possession of the trailer (#53214). Plaintiff was engaged in the business of an independent driver and needed the trailer to engage in his occupation and business.

8. Amazon.com, Inc. US Xpress, US Logistics, and Does 1 through 10, took possession of Plaintiff's trailer and prevented Plaintiff from access to and possession of the trailer for over thirty (30) days. Plaintiff consented to Amazon unloading his trailer but did not consent to defendants thereupon taking possession of the trailer and arranging for it to be driven across state lines. Plaintiff

demanded of defendants the return of his trailer, several times a day during this thirty (30) day period, which demands were ignored by defendants. During the time the trailer was in defendants' possession, it was damaged requiring repairs totaling $6,200.00. In addition, Plaintiff suffered a loss of income totaling $40,000.00. Defendants' refusal to return Plaintiff's trailer to Plaintiff caused the loss of income as alleged.

9. Defendants' conduct, as above-alleged, was done maliciously, intentionally or in reckless disregard of the rights of Plaintiff. Plaintiff also suffered emotional distress caused by the loss of his trailer which almost caused him to go into bankruptcy.

10. Plaintiff is entitled to an award of general damages in an amount to be determined at trial, as well as punitive or exemplary damages in an amount to be determined at trial.

Wherefore, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general damages according to proof.

2. For damage to his trailer in the sum of $6,200.00.

3. For special damages for loss of income totaling $40,000.00.

4. For punitive or exemplary damages in an amount to be determined at trial.

5. For costs of suit incurred herein.

6. For such other and further relief as the court may deem just and proper.

DATED: November 5, 2018

LAW OFFICES OF
MICHAEL G. ACKERMAN

By: _____
MICHAEL G. ACKERMAN, ESQ.
Attorneys for Plaintiff, Tom Murphy