UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.<br><br>    Defendant. | Case No. 1:19-cv-01577-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES<br><br>(Doc. No. 6)<br><br>**FOURTEEN-DAY DEADLINE** |

This matter is before the Court on Plaintiff Tom Murphy's ("Plaintiff") motion to remand and request for attorneys' fees. (Doc. No. 6.) The motion was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). The Court deemed the matter suitable for resolution without oral argument and vacated the hearing set for December 13, 2019. Local Rule 230(g). Having considered the parties' briefing, and for the reasons that follow, the Court recommends that Plaintiff's motion to remand and request for attorneys' fees be denied.

**I.    BACKGROUND**

Plaintiff originally filed this action in the Superior Court of California for the County of Stanislaus on November 5, 2018, naming Amazon.com, Inc. ("Defendant") and USX Logistics aka US Xpress as defendants.[1] (Doc. No. 1 at 2.) According to the complaint, Plaintiff is a long-haul driver who contracts with various companies to deliver loads throughout the United States. (Doc. No. 1, Ex. A.) In February of 2018, Plaintiff was hired to pick up a load in Phoenix,

---

[1] USX Logistics was dismissed from the state court action, leaving Amazon.com, Inc. as the sole defendant. (Doc. No. 1 at 2.)

1

Arizona using his tractor and trailer and deliver it to Tracy, California. (*Id.*) When Plaintiff delivered the load in Tracy, Defendant instructed him to disconnect and leave his trailer for unloading. (*Id.*) Plaintiff subsequently returned to pick up his trailer, and Defendant informed him it had been loaded with goods and was being driven to Hillsborough, Oregon by another driver. (*Id.*) Defendant allegedly refused to return the trailer to Plaintiff and kept it for more than thirty (30) days, resulting in a loss of income totaling $40,000. (*Id.*) The trailer was also purportedly damaged and required repairs totaling $6,200. (*Id.*) Plaintiff's complaint, which is entitled "Complaint for Conversion," seeks general damages according to proof, damage to the trailer in the sum of $6,200, special damages for loss of income totaling $40,000, punitive or exemplary damages in an amount to be determined at trial, for costs of suit, and other relief as may be just and proper. (*Id.*)

Defendant removed the matter to this Court on November 4, 2019. (Doc. No. 1.) Defendant's notice of removal states that the matter was removed based on diversity jurisdiction as Plaintiff is a citizen of California or Missouri, and Defendant is a Delaware corporation with its principal place of business in Seattle, Washington. (*Id.* at 2-3.) Further, the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks damages in an amount not less than $100,000 consisting of lost income, damage to the trailer, punitive damages, and emotional distress damages. (*Id.*) Although the complaint did not state that Plaintiff sought damages in excess of $75,000, Defendant received a Settlement Conference Statement on October 25, 2019, calculating Plaintiff's damages to be at least $100,000. (*Id.* at 3.)

On November 8, 2019, Plaintiff filed the instant motion to remand this action to state court. (Doc. No. 6.) Plaintiff also seeks an award of fees and costs incurred in bringing the motion to remand. (*Id.*) Defendant filed an opposition on November 27, 2019, and Plaintiff replied on December 3, 2019. (Doc. Nos. 9, 11.) On December 10, 2019, the Court took the matter under submission. (Doc. No. 13.)

**II.     LEGAL STANDARD**

Removal of a state action may be based on either diversity jurisdiction or federal question

jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 552 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Jordan v. Nationstar Mortgage, LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015). Diversity jurisdiction under 28 U.S.C. § 1332(a) grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). In a case that has been removed from state court on the basis of diversity jurisdiction, the defendant has the burden to prove, by a preponderance of the evidence, that removal is proper. *Geographic Expeditions*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (noting defendant always has the burden of establishing that removal is proper). Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.     DISCUSSION**

**A.     Amount in Controversy**

Plaintiff's claim arises under California state law, and Defendant has removed the case to federal court under 28 U.S.C. § 1441, predicated on diversity jurisdiction under 28 U.S.C. § 1332. (*See* Doc. No. 1 at 2-3.) There is no dispute that complete diversity exists between the parties. Although unclear from Plaintiff's briefing, Plaintiff appears to seek remand on the basis that Defendant has not established the amount in controversy, and the Court therefore addresses this argument.

Where, as here, the amount in controversy is not clear from the plaintiff's complaint, the burden is on the defendant to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id.* The removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. If, however,

the "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. The party seeking to invoke the jurisdiction of the court bears the burden of supporting its jurisdictional allegations with competent proof. *See Gaus*, 980 F.2d at 566.

Plaintiff argues that the Court "has not been presented with any evidence, other than the settlement conference statement, to support the contention that the amount in controversy exceeds $75,000 at the time of removal. (Doc. No. 6-1 at 3-4.) However, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (citing *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.")). In *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 973-975 (9th Cir. 2007), the Ninth Circuit held that the plaintiff's pre-mediation settlement letter constituted § 1446 notice because the letter estimated damages at $9.5 million supported by details of the injuries. In *Jiminez v. Sears, Roebuck & Co.*, 2010 WL 653548 at *2-3 (C.D. Cal. Feb. 18, 2010), the district court held that an oral statement was not an "other paper," but acknowledged, "[s]ettlement letters or other documents provided during mediation may form a basis for removal."

Here, the complaint requests general damages according to proof, damage to the trailer in the sum of $6,200, special damages for loss of income totaling $40,000, punitive or exemplary damages in an amount to be determined at trial, for costs of suit, and other relief as may be just and proper. (*See* Doc. No. 1, Ex. A.) The notice of removal states that the Settlement Conference

4

Statement contains a settlement demand for $100,000, consisting of lost income, damage to Plaintiff's trailer, punitive damages for the alleged intentional conversion of the trailer, and emotional distress damages for the alleged intentional conversion of the trailer. (Doc. No. 1 at 2-3, Exhs. A, L.) Thus, the Settlement Conference Statement estimates emotional distress damages and punitive damages at a combined total of $53,800, which is the amount that remains when the $46,200 in lost income and trailer repairs listed in the complaint is subtracted from the $100,000 settlement demand. A copy of the Settlement Conference Statement is attached to the Notice of Removal and referenced in the declaration of counsel for Plaintiff filed in support of the motion. (Doc. No. 1, Ex. L; Doc. No. 6-2 at 3.) Furthermore, according to counsel for Plaintiff, the Settlement Conference Statement was prepared the afternoon after counsel took the deposition of the person most knowledgeable for Defendant and "incorporated evidence that [counsel] believed [he] had obtained at the deposition." (Doc. No. 6-2 at 3.) Plaintiff's settlement conference statement of $100,000 appears to be a reasonable estimate of his claim and is therefore relevant evidence of the amount in controversy.

Moreover, Plaintiff has not submitted any evidence that the amount in controversy has not been met. In fact, the motion concedes that "Plaintiff believes that a jury may award in excess of $75,000.00 when the case is tried." (Doc. No. 6-1 at 3.) Instead, Plaintiff argues that Defendant contends that the amount in controversy exceeds $75,000 solely for the purposes of removal "but given the opportunity by motion practice in this court, Defendant will attempt to limit or bar Plaintiff's claims." (*Id.*) This argument is speculative and further ignores the Court's inquiry on a motion to remand. Defendants are free to challenge the actual amount of damages in subsequent proceedings and at trial. *Ibarra*, 775 F.3d at 1198, fn. 1. Defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy" at the time of removal. *Id.* (citing *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998) (holding that jurisdiction must be analyzed on the basis of pleadings filed at the time of removal and recognizing that damages may change as a result of post-removal events); *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 998 (6th Cir.1976) (acknowledging that the amount recoverable may drop below the jurisdictional limit as a result of

1 discovery and application of a legal defense, but the post-removal event does not deprive the
2 district court of federal jurisdiction)).

3    Plaintiff further contends that Defendant failed to adequately inquire regarding the amount
4 of his damages. The motion explains that California law does not allow any amount of damages
5 to be alleged or demanded in a lawsuit for personal injury, and this rule applies as well to non-
6 personal injury claims, such as conversion, where the claim is "closely tied to a personal injury."
7 (Doc. No. 6-1 at 2.) According to the motion, the procedure to quantify the amount of general
8 damages in such cases is for the defendant to serve a request for statement of damages requiring
9 the plaintiff to set forth the nature and amount of damages being sought within fifteen (15) days
10 of the request. (*Id.*) Here, Defendant did not serve a request for statement of damages and
11 "conducted no discovery to make any inquiry regarding the amount of emotional distress
12 damages Plaintiff was claiming." (*Id.* at 4.) Because the complaint did not facially preclude
13 removal, Plaintiff argues that Defendant had a duty to inquire about removability. (*Id.* at 2, 4.)

14    "[N]otice of removability is determined through examination of the four corners of the
15 applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*
16 *v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). An objective baseline rule of
17 evaluating the four corners of the pleadings or papers avoids collateral litigation over whether the
18 pleadings contained a sufficient clue of removability, whether the defendant had subjective
19 knowledge, and whether the defendant conducted sufficient inquiry. *Id.* at 697. A defendant has
20 an obligation to "apply a reasonable amount of intelligence in ascertaining removability," such as
21 "[m]ultiplying figures clearly stated in a complaint . . ." *Kuxhausen v. BMW Financial Services*
22 *NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). However, "a defendant does not have a duty of
23 inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.
24 Thus, even if a defendant could have discovered grounds for removability through investigation,
25 it does not lose the right to remove because it did not conduct such an investigation and then file a
26 notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at
27 1125. In other words, "we don't charge defendants with notice of removability until they've
28 received a paper that gives them enough information to remove." *Durham v. Lockheed Martin*

*Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Here, the complaint estimated Plaintiff's lost income at $40,000 and repair costs at $6,200, which was well below the jurisdictional threshold. (Doc. No. 1, Ex. A.) Further, the complaint did not provide figures for the general damages or punitive damages Plaintiff seeks and instead requested these categories in amounts according to proof or to be determined at trial. (*Id.*) The complaint was therefore indeterminate with respect to removability, and Defendant was not required to conduct an investigation regarding the amount of Plaintiff's damages that were not stated in the complaint. This is so regardless of whether this action is considered to be "closely tied to a personal injury" as Plaintiff contends. Defendant was not charged with notice of removability until it received Plaintiff's Settlement Conference Statement estimating damages at $100,000, which gave Defendant enough information to remove.

Plaintiff argues that this case is similar to *Matheson v. Progressive Specialty Inc. Co.,* 319 F.3d 1089 (9th Cir. 2004). (Doc. No. 6-1 at 3.) In *Matheson,* the Ninth Circuit found that the fact that a plaintiff made three separate claims for damages in excess of $10,000 was insufficient to illustrate that the total amount in controversy exceeded $75,000. 319 F.3d at 1091. The Ninth Circuit explained "how much 'in excess' is not explained," and without additional facts it could not determine that the amount in controversy requirement was met. *Id.* However, *Matheson* is inapposite because Defendant does not rely solely on the indeterminate damage claims in the complaint in establishing the amount in controversy. In *Matheson,* there was no evidence that a settlement demand had been made or any other evidence provided beyond the allegations of damages "in excess of" $10,000. *See Matheson,* 319 F.3d 1089. Here, in contrast, Defendant has provided evidence of a settlement demand for $100,000. The "additional facts" that did not exist in *Matheson* are present here. As discussed above, this settlement demand is sufficient evidence of the amount in controversy, and Plaintiff has not submitted any evidence to controvert this amount. Accordingly, the Court finds that Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

      **B.**     **Waiver**

Plaintiff also argues that Defendant has waived its right to remove this action by

7

participating in the state court litigation, including serving written discovery, taking Plaintiff's deposition, engaging in law and motion practice, setting a date for a jury trial, and producing a person most knowledgeable for deposition in an effort to prepare for trial. (Doc. No. 6-1 at 5-7.)

"A party, generally the defendant, may waive the right to remove to federal court where, **after it is apparent that the case is removable**, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995) (emphasis added). Moreover, "[a] waiver of the right of removal must be clear and unequivocal." *Resolution Tr. Corp.,* 42 F.3d at 1240. "[T]he right of removal is not lost by actions in the state court short of proceeding to an adjudication on the merits." *Id.* Moreover, a party does not waive the right to remove by taking a "necessary defensive action to avoid a judgment being entered automatically against him." *Id.*

While Defendant litigated this matter in the state court system prior to removal, it was not apparent that the case was removable until Plaintiff served his Settlement Conference Statement on October 25, 2019. Defendant apparently did not receive any document from which it could ascertain the removability of Plaintiff's claims before that date. The conduct Plaintiff contends amounts to a waiver occurred before, and not after, it was apparent that the case was removable. Furthermore, Defendant filed its notice of removal on November 4, 2019, shortly after receiving the settlement demand. Defendant accordingly did not voluntarily relinquish its right to remove through its appearances and filings in state court before October 25, 2019, and it promptly sought removal once removability was apparent. *Thompson v. Target Corp.,* 2016 WL 4119937, at *11 (C.D. Cal. Aug. 2, 2016); *Soliman v. CVS RX Servs., Inc.,* 570 Fed.Appx. 710, 712 (9th Cir. 2014) ("CVS also did not waive its right to remove through its appearances in state court, as those appearances were before it became apparent that the case was removable.") The conduct at issue additionally appears to be "defensive action" intended to preserve the status quo and not acts seeking a determination on the merits which may amount to a waiver of the right to removal. *Thompson,* 2016 WL 4119937, at *11; *Capretto v. Stryker Corp.,* 2007 WL 2462138, at *3 (N.D. Cal. Aug. 29, 2007) ("The critical factor in determining whether a particular defensive action in

the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred.")

### C. Request for Attorneys' Fees

In conjunction with the motion to remand, Plaintiff moves for recovery of the costs and attorneys' fees incurred in seeking remand. (Doc. No. 6-1 at 7.) A court remanding a case to state court has discretion to order the defendant to pay the plaintiff's costs and fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Here, because the Court will recommend that the motion to remand be denied, it will likewise recommend that Plaintiff's request for attorneys' fees be denied.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED:

1. Plaintiff's motion to remand (Doc. No. 6) be DENIED; and
2. Plaintiff's request for attorneys' fees and costs (Doc. No. 6) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 17, 2019**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

9